STATE OF MAINE                                      SUPERIOR COURT
KENNEBEC, ss                                        CRIMINAL ACTION
                                                    DOCKET NO. CR-05-619
                                                    NM-KEN- 7|11|06

STATE OF MAINE

        v.                                          ORDER ON MOTION TO SUPPRESS

BRADLEY PADDACK,

        Defendant

The defendant seeks to suppress statements made by the defendant during a polygraph examination at the Maine State Police Crime Lab on 8/24/05. The defendant argues that his statements were not voluntary. For the following reasons, the motion is denied.

FACTS

The defendant met with Maine State Police Detective Michael Mitchell on 8/24/05 at approximately 10:00 a.m. for a polygraph exam. The meeting ended at 2:50 p.m. Waterville Police Department Detective William Bonney, the investigating officer in this case, observed Detective Mitchell's interaction with the defendant on a monitor in an adjacent room and later spoke to the defendant.

The polygraph process involves three phases. The Detective admitted that his goal throughout the process is to obtain a confession or admission. Neither detective made any threats or promises to the defendant. The defendant was not under arrest and appeared calm throughout the process.

The pretest phase takes approximately three and one-half hours and includes three breaks. The detective does almost all of the talking in this phase and proceeds through a 45-page speech. This phase is designed to allow the detective to explain what will happen, to bond with the defendant, to ensure that the defendant is suitable to take

1

the test, to ensure the defendant understands the test and why the test works, to discuss Miranda rights, and to sign the polygraph waiver. State's Ex. 1.

The polygraph exam phase takes 20 - 30 minutes. The posttest interview takes 30 minutes.

During the pretest phase, Detective Mitchell read each paragraph on the polygraph waiver form to the defendant and the defendant stated he understood what the Detective read. The defendant agreed to waive his rights, take the exam, and answer questions. That procedure took five minutes. State's Ex. 1.

The polygraph exam is videotaped, although the defendant is not informed of the taping. In this case, the record button was erroneously not engaged and only a fraction of the nearly five-hour interview was taped. That tape shows that the defendant, although concerned about the effect of the charge on his future, was conversing appropriately with the detective. In fact, the defendant agreed he had been treated fairly. State's Ex. 3.

During the posttest interview, Detective Mitchell told the defendant he had failed the exam. The defendant nodded and did not appear surprised. The Detective stated that he had no doubt that the defendant was responsible for the offense. Detective Mitchell confronted the defendant and stated that he was minimizing his involvement, that he was not telling the whole story, and that he would have to deal with this because this would not go away. Detective Mitchell did not suggest that the defendant needed counseling or help. The defendant first stated that he touched the alleged victim, Chris's penis but the touching was accidental. The defendant admitted that a second touching was inappropriate and that he needed counseling.

After the defendant confessed his involvement in the crime to Detective Mitchell, Detective Bonney then spoke with the defendant, as planned, and obtained the same

2

confession. Detective Bonney requested that the defendant write a statement and he complied. State's Ex. 2. The defendant left after the interview shown on State's Ex. 3.

CONCLUSIONS

The defendant was asked questions for approximately one hour of the five-hour procedure. Although it is regrettable that the videotape was not running for the entire procedure, there is no requirement to record such proceedings.

This record does not show coercive police conduct and does not suggest that the defendant's statements were not "the result of the defendant's exercise of his own free will and rational intellect." State v. Sawyer, 2001 ME 88, ¶ 8, 772 A.2d 1173, 1175. The State has proved beyond a reasonable doubt that the defendant's statements were voluntary. See id., ¶ 9, 772 A.2d at 1176.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: July 11, 2006

Nancy Mills
Justice, Superior Court

3

STATE OF MAINE
 vs
BRADLEY PADDACK
68 SUMMER STREET APT 2
WATERVILLE ME 04901

DOB: 03/26/1979
Attorney: M MURPHY
  JABAR BATTEN RINGER & MURPHY
  ONE CENTER STREET
  WATERVILLE ME 04901-5495
  RETAINED 11/03/2005

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2005-00619

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

Filing Document: INDICTMENT
Filing Date: 10/06/2005

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1 **UNLAWFUL SEXUAL CONTACT**   08/01/2004 WATERVILLE
**Seq 10933 17-A 255-A(1)(E-1)**  **Class B**
 **BONNEY**    **/ WAT**

## Docket Events:

10/06/2005 FILING DOCUMENT - INDICTMENT FILED ON 10/06/2005

  TRANSFER - BAIL AND PLEADING GRANTED ON 10/06/2005

  TRANSFER - BAIL AND PLEADING REQUESTED ON 10/06/2005

10/07/2005 Charge(s): 1
  HEARING - ARRAIGNMENT SCHEDULED FOR 10/21/2005 @ 9:30

10/07/2005 SUMMONS/SERVICE - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 10/06/2005

10/13/2005 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 10/13/2005

  RECEIVED FROM WATERVILLE DISTRICT COURT DOCKET NO: CR-05-2232
10/19/2005 BAIL BOND - $2,500.00 CASH BAIL BOND FILED ON 10/19/2005

  Bail Receipt Type: CR
  Bail Amt: $2,500
       Receipt Type: CK
  Date Bailed: 09/22/2005  Prvdr Name: BARBARA PADDACK
       Rtrn Name: BARBARA PADDACK

  BAIL DISBURSEMENT ON 11/08/2005
  Check No. 6032 Check Amount: 1,500.00
  Paid To: BARBARA PADDACK
  FORWARDED TO BAIL PROVIDER

10/24/2005 Charge(s): 1
  HEARING - ARRAIGNMENT CONTINUED ON 10/21/2005
  S KIRK STUDSTRUP , JUSTICE
  DA: ALAN KELLEY  Reporter: JANETTE COOK

Defendant Present in Court


CONTINUED SO ATTORNEY, MICHAELA MURPHY, CAN BE HERE
11/03/2005 Party(s): BRADLEY PADDACK
ATTORNEY - RETAINED ENTERED ON 11/03/2005


Attorney: M MURPHY
11/03/2005 Charge(s): 1
HEARING - ARRAIGNMENT SCHEDULED FOR 11/08/2005 @ 8:30


11/08/2005 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 11/08/2005
S KIRK STUDSTRUP , JUSTICE
Attorney: M MURPHY
DA: ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court


READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
11/08/2005 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/08/2005


11/08/2005 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 11/08/2005
S KIRK STUDSTRUP , JUSTICE
OR $10,000 SURETY W/CONDITIONS OF NO CONTACT WITH CHILDREN UNDER 16 EXCEPT SUPERVISED
CONTACT WITH MARIAH PADDOCK
11/08/2005 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 11/08/2005
S KIRK STUDSTRUP , JUSTICE
11/29/2005 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 11/29/2005


TO FILE PRE-TRIAL MOTIONS.
12/01/2005 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 11/29/2005
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
                                                    EXTENDED TO FILE MOTIONS TO
DECEMBER 14, 2005
12/01/2005 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 11/30/2005


12/09/2005 HEARING - MOTION TO AMEND BAIL SCHEDULED FOR 12/09/2005 @ 8:30


NOTICE TO PARTIES/COUNSEL
12/09/2005 HEARING - MOTION TO AMEND BAIL HELD ON 12/09/2005
NANCY MILLS , JUSTICE
Attorney: M MURPHY
DA: ALAN KELLEY          Reporter: CASE ENOCH
Defendant Present in Court
12/09/2005 MOTION - MOTION TO AMEND BAIL GRANTED ON 12/09/2005
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
01/06/2006 TRIAL - DOCKET CALL SCHEDULED FOR 02/07/2006 @ 11:50


01/25/2006 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/23/2006

NOTICE TO PARTIES/COUNSEL
07/11/2006 HEARING - MOTION IN LIMINE SCHEDULED FOR 08/10/2006 @ 8:00

NOTICE TO PARTIES/COUNSEL
07/11/2006 HEARING - MOTION TO SUPPRESS HELD ON 06/06/2006

07/11/2006 HEARING - MOTION FOR DISCOVERY HELD ON 06/06/2006

07/13/2006 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 07/13/2006
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
Clerk